IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| BHG, INC., | ) | CASE NO. BK07-81023-TLS |
| | ) | |
| Debtor(s). | ) | CH. 7 |

<u>ORDER</u>

Hearing was held in Omaha, Nebraska, on February 19, 2008, on Great Western Bank's motion to compel deposition testimony of Patrick M. Shannon (Fil. #87). William Switzer appeared for the debtor, Steven Woolley appeared for Great Western Bank, and Jerry Jensen appeared for the United States Trustee.

Creditor Great Western Bank requested and received court permission to conduct a Rule 2004 examination of Patrick M. Shannon as a representative of the debtor. (*See* Fils. #33 (motion) and #59 (order).) The examination occurred on October 23, 2007, but Mr. Shannon invoked his Fifth Amendment right against self-incrimination and refused to answer certain questions about entities in which he has a management interest and which are shareholders of and/or do business with the debtor. Great Western Bank has now moved the court to compel Mr. Shannon's response to those questions.

The Fifth Amendment to the U.S. Constitution protects a person from being compelled to disclose information that "the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). The privilege may be invoked by a litigant or witness in any proceeding, "civil or criminal, formal or informal," *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), including bankruptcy proceedings. *McCarthy v. Arndstein*, 266 U.S. 34 (1924). The privilege belongs to the individual, and may not be invoked on behalf of a corporation. *Braswell v. United States*, 487 U.S. 99, 114 (1988). The custodian of corporate records must produce those records despite the Fifth Amendment, but he cannot be compelled to testify about them if he believes such testimony may incriminate him. *Curcio v. United States*, 354 U.S. 118, 123-24 (1957).

When a witness's assertion of the privilege is challenged, the court must determine whether the witness's silence is justified. *Hoffman v. United States*, 341 U.S. 479, 486 (1951). "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id.* at 486-87. *See also Donovan v. Fitzsimmons (In re Morganroth)*, 718 F.2d 161, 169 (6th Cir. 1983) ("[S]ufficient evidence [to establish a foundation for assertion of Fifth Amendment protection] is presented by a witness if a court can, by the use of reasonable inference or judicial imagination, conceive a sound basis for a reasonable fear of prosecution."). In evaluating the invocation of the privilege, the trial judge "must

be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence." *Hoffman*, 341 U.S. at 487 (quoting *Ex parte Irvine*, 74 F. 954, 960 (C.C.S.D. Ohio 1896)). When the witness cannot establish a credible basis for his assertion that certain testimony may incriminate him, the privilege is not proper. *In re Blan*, 239 B.R. 385, 393 (Bankr. W.D. Ark. 1999).

Even if the protection was properly raised, the court may nevertheless draw a negative inference from the witness's assertion of the Fifth Amendment privilege. *Gannett v. Carp (In re Carp)*, 340 F.3d 15, 23 (1st Cir. 2003) (the law neither forbids nor mandates adverse inferences against civil litigants who refuse to testify on Fifth Amendment grounds); *Baxter v. Palmigiano*, 425 U.S. 308, 317-18 (1976).

At the Rule 2004 examination, Mr. Shannon appeared as an officer of Kermit Capital, which is a shareholder and officer of the debtor. (Tr. of Rule 2004 Exam. 35:3-5, 15-19 (Fil. #97).)  Mr. Shannon also testified that in his individual capacity, he is a director of the debtor. (*Id.* at 35:9-10; 37:7-15.) When counsel for Great Western Bank began inquiry into the corporate structure of Kermit Capital, Mr. Shannon refused to answer questions regarding Kermit Capital's shareholders, officers and directors, its date of incorporation, its incorporator, the nature of its business, the number of its employees, and the location of its office. (*See generally* Tr. 40:19-44:5.)

Counsel for the bank then asked about Cashflow Billing, L.L.C., a pre-petition creditor which has received post-petition payments from the debtor. Mr. Shannon refused to answer any questions concerning the state in which it was organized, its members, its date of organization, the nature of its business, the location of its office, the number of its employees, and whether it has any officers. (*Id.*45:1-20.) Subsequently in the examination, Mr. Shannon testified that he is the managing member of Cashflow Billing, L.L.C., which performs accounting services for the debtor. (Tr. 46:1-47:18.) To the extent Mr. Shannon did in fact testify about various aspects of Cashflow Billing, L.L.C., he has waived the Fifth Amendment privilege as to those matters to which he testified. However, to the extent he refused to answer certain questions about the company, his silence will be considered when issues come before the court regarding Cashflow Billing's proof of claim or the recovery from Cashflow Billing of possible preferential or improper payments.

It is not "evident from the implications of the questions asked" at the Rule 2004 examination that responsive answers or explanations of why they cannot be answered could result in "injurious disclosure," nor can the undersigned infer or imagine "a sound basis for a reasonable fear of prosecution" based on the unanswered questions. However, both Mr. Shannon and the debtor's counsel insist that would be the case.

Moreover, it is not apparent that the answers to the questions would provide any benefit to the administration of this bankruptcy estate. Mr. Shannon admits he is an officer and owner of Kermit Capital and that his interest in the debtor is by virtue of his interest in that entity. He also admits to being a managing member of an entity that performed services for and received post-petition payments from the debtor. This case has been converted to a Chapter 7 proceeding. Great Western Bank has received relief from stay to foreclose (and has foreclosed) its security

interest and responses to its questions are not necessary for Great Western to assert any deficiency claim it may have. If it wishes to take action against Mr. Shannon individually for anything, it is certainly free to do so outside of bankruptcy court. It need not have those questions answered here in order to take such non-bankruptcy action. Further, if Mr. Shannon's authority to act for the debtor is an issue, all parties are aware that negative inferences can and will result from the refusal to answer questions about the structure of Kermit Capital. Likewise, the refusal to answer the questions should not impair any appropriate party from seeking recovery of any asserted improper payments with respect to Cashflow Billing.

Accordingly, while I am skeptical of the basis for Mr. Shannon's assertion of the Fifth Amendment privilege, there does not appear to be any need for this Court to interfere with Mr. Shannon's exercise of his constitutional right by forcing responses to the questions.

IT IS ORDERED: Great Western Bank's motion to compel deposition testimony of Patrick M. Shannon (Fil. #87) is denied.

DATED: February 28, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Steven Woolley
    William Switzer
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.